Law Library

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,           )

                                 )

        v.                )

                                   )

ROBERT DEAN TERLAJE,       )

                                   )

             Defendant.     )

                                   )

CASE NO. CF0029-13

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on November 12, 2013 on Defendant's Motion for Alternative Drug Court I Sentencing. Assistant Attorney General James Collins represented the People of Guam. Defendant Robert Dean Terlaje was represented by Attorney Douglas Moylan. Having considered the arguments and the applicable law, this Court now issues its Decision and Order.

## FACTUAL BACKGROUND

Defendant Terlaje is charged with Possession of a Schedule II Controlled Substance as a Third Degree Felony. On September 30, 2013, Defendant filed his motion for Alternative Drug Court I Sentencing. He argues that this Court should sentence him to the ADC I program, for which he was found to be eligible. Additionally, he challenges language in the People's proposed plea agreement which would condition his entering the program on his cooperation in providing evidence in another matter.

On October 2, 2013, the People opposed the motion. They argue that the basis for Defendant's motion is legally incorrect. They challenge Defendant's assertion that conditioning his sentence on cooperation in another matter is improper. For the reasons set forth below, the Court shall deny the motion.

## DISCUSSION

The statute governing entry into the ADC I reads, in pertinent part, as follows:

> Whenever any person who has not previously been convicted of an offense under this Act or under any statute of the United States or of any State relating to narcotic drugs, marijuana or stimulant, depressant or hallucinogenic drugs, **pleads guilty to or is found guilty** of possession of a controlled substance under § 67.401.2 (a), the Court, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him on probation upon terms and conditions.

9 G.C.A. § 67.412 (emphasis added). Here, Defendant wishes to skip the trial/plea and go straight to the sentencing phase. However, absent either one, there is nothing for which the Court may sentence him. Additionally, the Court rejects the argument that the People's plea offer is a violation of Defendant's rights where it requires his cooperation in another proceeding. While such a condition is not a statutory requirement to enter into the ADC I program, it is not for this Court to dictate what the People offer in reaching a guilty plea under the circumstances found here. It is for these reasons the Court shall deny the motion.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to for Alternative Drug Court I Sentencing is hereby **DENIED**. A Criminal Trial Setting is set for February 18, 2014 at 2:00 p.m.

It is **SO ORDERED** this 30th day of January, 2014.

Original Signed By:
Hon. Alberto C. Lamorena III

_____

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the Office of the Clerk of the Superior Court of Guam.

JAN 3 0 2014

Rosaline R. Salas
Deputy Clerk, Superior Court of Guam